UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTY HUDDLESTON | ) | CASE NO. |
| 890 Salem Avenue | ) | |
| Elyria, OH 44035 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S COMPLAINT** |
| vs. | ) | |
| | ) | (Jury Demand Endorsed Herein) |
| BPR-RICO MANUFACTURING INC. | ) | |
| c/o Statutory Agent Boyd P. Ross | ) | |
| 120 N State Road | ) | |
| Medina, OH 44256 | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff Kristy Huddleston, by and through counsel, and for her Complaint against BPR-RICO Manufacturing Inc. ("RICO"), alleges and states the following:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a result of Defendant's failure to pay Plaintiff for meal periods during which she performed worked and for pre-shift and post-shift work in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Lorain County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At times relevant herein, Defendant maintained its principal places of business in Medina County, Ohio.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## FACTUAL ALLEGATIONS
### (Failure to Pay Overtime Compensation)

12. Defendant designs and manufactures special lift trucks for customers.

13. Defendant's manufacturing headquarters is located in Medina, Ohio.

14. Plaintiff Kristy Huddleston was employed by Defendant as an Aftermarket Product Support Representative between September 2016 and May 2017.

15.     Defendant classified Plaintiff as a non-exempt employee.

16.     Defendant paid Plaintiff on an hourly basis.

**(Failure to Pay for On-Duty Meal Periods)**

17.     Plaintiff was not provided bona fide meal periods during which she was completely relieved from duty.

18.     Defendant automatically deducted on average one hour from her time card each day for a meal period, despite the fact that she frequently did not receive meal periods and/or performed work during meal periods.

19.     Plaintiff did not receive meal periods and/or performed work during her meal period because of the substantial work that she had to perform each day.

20.     During the time that was considered her meal period, Plaintiff among other things, answered phone calls, checked emails, and prepared and sent invoices.

21.     The work Plaintiff performed during her meal period was for Defendant's benefit.

22.     Plaintiff's supervisor(s)/manager(s) observed that she frequently did not receive meal periods and/or performed work during meal periods.

23.     Plaintiff also reported to her human resources and her supervisor(s)/manager(s) that she did not receive meal periods and/or performed work during those meal periods.

24.     Plaintiff estimates that she performed work during her meal periods approximately four (4) days per week.

25.     As a result of Defendant's failure to pay Plaintiff for meal periods during which she performed work, Plaintiff was denied significant amounts of overtime compensation.

26.     Defendant knowingly and willfully failed to pay Plaintiff for meal periods during which she performed work.

**(Failure to Pay for Pre- and Post-Shift Time)**

27.     Upon information and belief, Plaintiff was not paid according to her punch times, but rather was paid according to her shift start and stop times.

28.     Prior to clocking in at the start of her shift, Plaintiff checked and responded to emails, and entered orders and quotes.

29.     Plaintiff estimates that she worked on average an additional fifteen (15) minutes prior to clocking in.

30.     Plaintiff clocked out at the end of her shift and continued working, including sending invoices and quotes, checking emails, and other principal job duties.

31.     Plaintiff estimates that she worked on average an additional thirty (30) to forty-five (45) minutes per day after clocking out.

32.     The pre- and post-shift work Plaintiff performed each day was compensable under the FLSA.  The pre- and post-shift work constituted a part of her principal activities, was required by Defendant, and was performed for Defendant's benefit.

33.     As a result of Defendant's failure to pay Plaintiff for work performed before and after her scheduled shift, Plaintiff was denied significant amounts of overtime compensation.

34.     Defendant knowingly and willfully failed to pay Plaintiff for work performed before and after her scheduled shift.

**(Defendant willfully violated the FLSA)**

35.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Overtime Violations)

36.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37.     Defendant's practice and policy of not paying Plaintiff for meal periods during which she performed work violated the FLSA, 29 C.F.R. § 785.19.

38.     Defendant's practice and policy of not paying Plaintiff for pre-and post-shift work violated the FLSA, 29 U.S.C. 201-219.

39.     By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

40.     As a result of Defendant's practices and policies, Plaintiff has been damaged in that she has not received wages due to her pursuant to the FLSA.

## COUNT TWO
### (OMFWSA Overtime Violations)

41.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42.     Defendant's practice and policy of not paying Plaintiff for meal periods during which she performed work violated the OMFWSA, O.R.C. §§ 4111.03 and 4111.10.

43.     Defendant's practice and policy of not paying Plaintiff for pre-and post-shift work violated the OMFWSA, O.R.C. §§ 4111.03 and 4111.10.

44.     By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

45.     As a result of Defendant's practices and policies, Plaintiff has been damaged in that she has not received wages due to her pursuant to the OMFWSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.    Award Plaintiff actual damages for unpaid overtime compensation;

B.    Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation;

C.    Award Plaintiff pre- and post-judgment interest at the statutory rate;

D.    Award Plaintiff attorneys' fees, costs, and disbursements; and

E.    Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Lori M. Griffin
One of the Attorneys for Plaintiff

6